**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 03-7448**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMIE SYLVESTER HAWKINS, a/k/a Jaime Sylvester
Hawkins,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Alexander Williams, Jr., District Judge.
(CR-00-565-AW; CA-02-3096-AW)

———————

Submitted:  February 28, 2005          Decided:  March 31, 2005

———————

Before NIEMEYER, WILLIAMS, and DUNCAN, Circuit Judges.

———————

Dismissed by unpublished per curiam opinion.

———————

Jamie Sylvester Hawkins, Appellant Pro Se.  James Marton Trusty,
OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for
Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Jamie Sylvester Hawkins, a federal prisoner, seeks to appeal the district court's order denying relief on his request for a certificate of appealability, which was in essence a Fed. R. Civ. P. 60(b) motion that we construe as a successive and unauthorized 28 U.S.C. § 2255 (2000) motion. See United States v. Winestock, 340 F.3d 200, 206 (4th Cir.), cert. denied, 540 U.S. 995 (2003). An appeal may not be taken from the final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). A certificate of appealability will not issue for claims addressed by a district court absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336-38; Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). We have independently reviewed the record and conclude that Hawkins has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal.

Additionally, we construe Hawkins' notice of appeal and informal brief as an application to file a second or successive motion under § 2255. <u>See</u> <u>United States v. Winestock</u>, 340 F.3d at 208. In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence sufficient to establish that no reasonable fact finder would have found the movant guilty. 28 U.S.C. §§ 2244(b)(3)(C), 2255 (2000). Hawkins does not satisfy either of these conditions. Therefore, we decline to authorize the filing of a successive § 2255 motion. We grant the motion to file an amended brief and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>